IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-966

Filed: 15 September 2020

Davie County, Nos. 17 J 43-47

In re: C.M., K.S., J.S., M.A.S., and K.S.

Appeal by respondent from order entered 13 May 2019 by Judge Wayne Michael in Davie County District Court. Heard in the Court of Appeals 10 June 2020.

*Holly M. Groce for petitioner-appellee Davie County Department of Social Services.*

*Garron T. Michael, Esq., for respondent-appellant mother.*

*Matthew D. Wunsche for appellee guardian ad litem.*

YOUNG, Judge.

Where the trial court's findings were supported by competent evidence, they are conclusive on appeal, notwithstanding contradictory evidence in the record. Where a portion of a finding was not supported by evidence, but did not impact the ultimate determination of the court, it was not error. Where the trial court's findings addressed the substance of statutory requirements, they complied with statute and were not erroneous. Where the unchallenged findings showed that mother had not made adequate progress with her DSS plan and was unable to provide supervision

during visits, the trial court did not abuse its discretion in terminating visitation. We affirm.

## I. Factual and Procedural Background

On 28 September 2017, the Davie County Department of Social Services (DSS) filed petitions with respect to five juveniles (the juveniles), C.M., K.S., J.S., M.A.S., and K.S.,[1] alleging that they were abused, neglected, and dependent. Specifically, DSS attached an exhibit outlining various bruises or descriptions of assault with regard to each child. The exhibit further noted that the mother of the juveniles has other children who were removed from her care by the state of Pennsylvania, that her live-in boyfriend has other children but does not have custody of them, that C.M.'s father's location is unknown but he is believed to be homeless in South Carolina, that the father of the remaining four children is also homeless in South Carolina, and that since 2017 the family has had eight open child protective services cases in three states. On 28 September 2017, the trial court entered an order for nonsecure custody of the juveniles.

The matter proceeded for two years and through multiple permanency planning hearings. On 13 May 2019, the trial court entered the latest order on review and permanency planning in this case. As a preliminary matter, the trial court noted that visitation with the three oldest of the juveniles had ceased as well, and that

---

[1] Pseudonyms are used for ease of reading and to protect the privacy of the juveniles. Likewise, the mother of the juveniles will be referred to simply as "mother."

visitation only continued with the two youngest children, M.A.S. and K.S. The court found that mother expressed a desire to reunify only with the two youngest children, as the needs of the three older children were more than she could provide; the court declined to entertain this suggestion. The court further found that mother made only limited progress since the prior court hearing, that a parenting assessment found that she could not be a primary caregiver without intensive assistance, that mother often appeared overwhelmed or stressed, and that she lacked family or other caregiving supports. The court ultimately concluded that while DSS had exercised reasonable efforts towards reunification, reunification was not in the best interests of the juveniles, and returning the juveniles home within a reasonable period of time was not possible. The court therefore ordered that the juveniles would remain in DSS custody, that the permanent plan would be a primary plan of adoption with a secondary plan of guardianship, and that DSS was relieved of all reunification efforts. The court further ordered that mother would have one last visit with K.S., M.A.S., and K.S., but that visits with the other two children would remain ceased.

Mother appeals.

## II. Cessation of Reunification

In her first argument, mother contends that the trial court erred in ceasing reunification efforts. We disagree.

## A. Standard of Review

"This Court reviews an order that ceases reunification efforts to determine whether the trial court made appropriate findings, whether the findings are based upon credible evidence, whether the findings of fact support the trial court's conclusions, and whether the trial court abused its discretion with respect to disposition." *In re C.M.*, 183 N.C. App. 207, 213, 644 S.E.2d 588, 594 (2007).

### B. Analysis

Mother correctly notes that the trial court ceased all reunification efforts with her and ordered adoption as the primary plan and guardianship for the secondary plan for the juveniles. She also correctly notes that, should a trial court order an end to attempts at reunification, it must make findings that reunification efforts would be clearly unsuccessful or inconsistent with a juvenile's health or safety. N.C. Gen. Stat. § 7B-906.2(b) (2019). Mother contends, however, that neither the evidence nor the findings of fact support such a determination.

First, mother contends that the order contains multiple findings unsupported by the evidence. In support of this position, she notes the existence of contradictory evidence. For example, with regard to finding of fact 7, in which the trial court found that mother "made limited progress" in her case plan, mother argues that she "completed significant portions of her case plan, including making progress with parenting her youngest two children[.]" Likewise, she challenges finding of fact 12, in which the trial court found that mother "has not demonstrated appreciable

progress in demonstrating her ability to parent the children[,]" and which she claims is contradicted by other evidence; and finding of fact 26, in which the trial court found that it "is not possible for the children to be returned home within a reasonable period of time[,]" and which she claims does not apply to all of the juveniles.

However, there is a difference between arguing that there is *no evidence* to support a finding by the trial court, and arguing that there is evidence which *contradicts* that finding. In a nonjury proceeding such as this, the findings of fact "are conclusive on appeal when supported by any competent evidence, even if the evidence could sustain contrary findings." *Matter of Norris*, 65 N.C. App. 269, 275, 310 S.E.2d 25, 29 (1983). These three findings – findings of fact 7, 12, and 26 – are supported by evidence in the record. Kim Brown (Brown), social worker assigned to the instant case, specifically testified that mother "attempted but has not been able to show that she can obtain and maintain information or parent these children in a safe environment." Because these findings are supported by evidence in the record, notwithstanding any evidence to the contrary, we hold that the trial court did not abuse its discretion in entering them.

Mother also takes issue with finding of fact 8, in which the trial court found that "DSS did not have a release to track her progress [in therapy] and is unable to determine if Respondent Mother began to make progress in this area." Mother correctly notes that Brown testified that DSS did, in fact, receive releases to examine

mother's mental health records. This portion of finding of fact 8 is therefore in error. However, even setting this finding aside, there were still ample unchallenged findings to support the trial court's conclusion. These unchallenged findings are presumed supported by competent evidence, and binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Accordingly, even though a portion of finding of fact 8 is erroneous, it does not impact the trial court's ultimate determination.

Having challenged the evidentiary bases for the trial court's findings, mother next argues that the trial court failed to make the requisite findings pursuant to N.C. Gen. Stat. § 7B-906.2(b). That statute specifically requires that, in ceasing reunification, a trial court must make findings pursuant to N.C. Gen. Stat. § 7B-901(c) (2019), concerning findings to be made at an initial dispositional hearing; findings pursuant to N.C. Gen. Stat. § 7B-906.1(d)(3) (2019), concerning hearings to be made at every permanency planning hearing; or findings "that reunification efforts clearly would be unsuccessful or would be inconsistent with the juvenile's health or safety." N.C. Gen. Stat. § 7B-906.2(b).

The trial court did conclude, although such conclusion is more accurately an ultimate finding of fact, that returning to mother's home "is not in the best interest of the minor children at this time, and is contrary to the health, safety, and welfare

of the children." This would appear to be a finding that reunification would be inconsistent with the juveniles' health and safety.

However, even assuming *arguendo* that the trial court did not use the precise language of the statute, this is not fatal. Our Supreme Court has held that "[t]he trial court's written findings must address the statute's concerns, but need not quote its exact language." *In re L.M.T.*, 367 N.C. 165, 168, 752 S.E.2d 453, 455 (2013). Rather, we need only consider "whether the trial court's findings of fact address the substance of the statutory requirements." *Id.* at 166, 752 S.E.2d 454.

Here, there are abundant findings to support this ultimate determination. In addition to the trial court's specific finding that return to mother's home "is contrary to the health, safety, and welfare of the children[,]" the trial court found that mother sporadically attended her therapy sessions, that visits with the children are chaotic and the children do not listen, that an expert opined that mother could not be primary caregiver without intensive assistance, that mother lacks support systems to aid her in caregiving, that mother has been unable to provide necessary supervision and direction during visits, that one of the juveniles has admitted in therapy the neglect she suffered while living with mother, and that multiple juveniles suffer developmental or academic delays. These findings or portions of findings are unchallenged by mother, and binding on appeal. *Koufman*, 330 N.C. at 97, 408 S.E.2d at 731. Taken together, these findings "address the substance of the statutory

requirements" by showing the neglect the juveniles suffered while in mother's care, along with its ongoing impact, and mother's inability to remedy those conditions, including her inability to supervise during visits and her failure to consistently attend therapies. This evidence therefore shows that reunification would be inconsistent with the juveniles' health or safety, even if it is not explicitly stated as such. Because the trial court's findings "address the substance of the statutory requirements," we hold that the court's failure to use the precise language of statute was not fatal, and that the court did not err in making its ultimate finding.

### III. Visitation

In her second argument, mother contends that the trial court erred in terminating visitation. We disagree.

### A. Standard of Review

"This Court reviews the trial court's dispositional orders of visitation for an abuse of discretion." *In re C.M.*, 183 N.C. App. 207, 215, 644 S.E.2d 588, 595 (2007). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason . . . [or] upon a showing that [the trial court's decision] was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

### B. Analysis

Mother argues that the trial court, in terminating visitation, failed to consider whether continued visits with the juveniles would be in their best interest. Rather, she claims, the trial court "erroneously overlooked" progress mother had allegedly made in visitation with the two youngest children, and argues that the termination of visitation was therefore an abuse of discretion.

Once more, mother attempts to offer contradictory evidence to suggest that the trial court's findings are unsupported. As we have held above, however, there is competent evidence in the record to support those findings, notwithstanding evidence to the contrary, and they are therefore conclusive on appeal.

Moreover, notwithstanding mother's arguments, the trial court's actions were in compliance with statutory mandate and case law. For example, this Court has held that, where a parent showed a lack of progress with DSS in parenting a minor child, the termination of visitation "is supported by the findings and the evidence, and the ruling is the result of a reasoned decision." *C.M.*, 183 N.C. App. at 215, 644 S.E.2d at 595. In the instant case, as in *C.M.*, there were ample findings that mother had not completed adequate progress in her case plan, and was continuing to have difficulty parenting the juveniles. The court specifically found that mother's visits with the remaining two children are "chaotic and the children do not listen[,]" that mother "has difficulty putting rules into place during visits and maintaining order[,]" and that mother "has not been able to provide [a necessary] level of supervision

during visits." These findings or portions of findings are unchallenged by mother, and binding on appeal. *Koufman*, 330 N.C. at 97, 408 S.E.2d at 731. Taken together, they support a finding that visitation is not in the juveniles' best interests. Accordingly, we hold that the trial court did not abuse its discretion in terminating visitation.

AFFIRMED.

Judge DILLON concurs.

Judge ARROWOOD dissents in separate opinion.

No. COA19-966 – *In re: C.M., K.S., J.S., M.A.S., K.S.*

ARROOWOOD, Judge, dissenting.

I respectfully dissent. In pertinent part, N.C. Gen Stat. § 7B-906.2(b) (2019) provides that, "At any permanency planning hearing, the court shall adopt concurrent permanent plans and shall identify the primary plan and the secondary plan. Reunification shall be a primary or secondary plan *unless . . . the court makes written findings that reunification efforts clearly would be unsuccessful or would be inconsistent with the juvenile's health or safety*." N.C. Gen Stat. § 7B-906.2(b) (emphasis added). While it is true that a permanency planning order need not contain a verbatim recitation of this language, it must be apparent from the order itself that the court considered whether reunification would be futile or inconsistent with the juvenile's health safety and need for a permanent home. *In re L.M.T.*, 367 N.C. 165, 167-68, 752 S.E.2d 453, 455 (2013) (interpreting similar language of mandate in N.C. Gen. Stat. § 7B-507(b) (2019)).

In the present case, the trial court's permanency planning order does not contain a single reference to N.C. Gen. Stat. § 7B-906.2(b), the controlling statute. In addition, a review of the order's conclusions of law 2, 5, and 6 makes clear that the trial court based its ultimate decision to end all reunification efforts on its determination that it was not in the best interest of the children to be returned to the mother at the present time. I see no conclusion of law in the order from which I can deduce that the trial court conducted the appropriate analysis required by N.C. Gen.

Stat. § 7B-906.2(b). Thus, I would vacate the order and remand to the trial court for further proceedings.